Elsa GULINO et al., Plaintiffs,

v.

The BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK and the New York State Education Department, Defendants.

No. 96 Civ.8414 CBM.

United States District Court, S.D. New York.

Nov. 27, 2002.

Barbara J. Olshansky, New York City, for Elsa Gulino, Mayling Ralph, Peter Wilds, Nia Greene, Plaintiffs.

Joshua Samuel Sohn, Piper Rudnick LLP, New York City, for Elsa Gulino, Plaintiff.

Joshua Samuel Sohn, Piper Marbury, Rudnick & Wolfe, New York City, for Mayling Ralph, Peter Wilds, Plaintiffs.

Bryan D. Glass, Jeffrey D. Friedlander, Acting Corporation Counsel of NYC, New York City, for Board of Education of the New York City School District of the City of New York, Defendant.

Bryan D. Glass, Jeffrey D. Friedlander, Acting Corporation Counsel of NYC, New York City, for Board of Education of the New York City School District of the City of New York, Cross–Claimant.

## MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

By Opinion and Order dated November 22, 2002, this court ruled that defendant

State Education Department (SED) is liable as an employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.* The court is now in receipt of SED's November 25, 2002 request for a certification under 28 U.S.C. § 1292(b) permitting SED to petition the United States Court of Appeals for the Second Circuit for allowance of an interlocutory appeal with respect to that ruling. For the reasons that follow, that request is hereby DENIED.

Section 1292(b) has three requirements. The district court's order must " [1] involve[ ] a controlling question of law; [2] as to which there is a substantial ground for difference of opinion; and [3][the] immediate appeal [of which] may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

■ District courts retain "unfettered discretion to deny certification" of an interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met. *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.,* 71 F.Supp.2d 139, 162 (E.D.N.Y.1999). The court does not dispute that SED has demonstrated that at least the first two requirements of § 1292(b) are met. There is a clear circuit split between the Ninth and Fifth Circuits (at least) over whether the certification of teachers by state agencies represents an exercise of the state's police power and thus a licensing function outside the scope of Title VII. *Compare Association of Mexican–American Educators v. State of California,* 231 F.3d 572 (9th Cir. 2000)(en banc)(holding that the State of California was liable as an employer in the context of teacher testing), *with Fields v. Hallsville Independent School District,* 906 F.2d 1017 (5th Cir.1990) (holding that the Texas Department of Education was *not* liable as an employer under Title VII in the context of teacher testing). The

Second Circuit has not yet ruled on this issue.

While it is true, however, that an immediate appeal, if resolved in SED's favor, would "materially advance the ultimate termination of the litigation" with respect to defendant SED, since plaintiffs have also sued the City Board of Education (BOE), such resolution would not prevent a trial altogether. *Cf. Jacques v. DiMarzio, Inc.,* 216 F.Supp.2d 139, 145 (E.D.N.Y. 2002) ("Reversal of the Court's holding [by the Second Circuit on interlocutory appeal] would not necessarily lead to dismissal of the action since ... the Court would retain jurisdiction over plaintiff's state claim").

Furthermore, the trial in this case is scheduled to begin December 11, 2002. It is clear from various correspondences sent by the parties that they have already begun preparing in earnest to commence on that date. Another delay, *in a case that has been pending since 1996,* is simply not warranted. It is altogether possible that defendant SED will be relieved of liability after trial sooner than it would be by the result of the interlocutory appeal that it seeks. *Cf. Jacques,* 216 F.Supp.2d at 145 (denying certification of interlocutory appeal in part because "a final judgment is likely to materialize in the near future since discovery is complete and the case is ripe for trial").

■ Finally, this court is mindful of the various admonitions to trial courts that it is a "basic [policy] of federal law to delay appellate review until a final judgment has been entered" (*Koehler v. Bank of Bermuda, Ltd.,* 101 F.3d 863, 865 (2d Cir.1996)) and that only "exceptional circumstances justify a departure from [that] basic policy. . . ." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

The parties are reminded that the trial in this matter will commence Wednesday,

December 11, 2002 at 12:00 p.m. in Courtroom 26–A of the United States Courthouse at 500 Pearl Street, New York, New York. Pre-trial memoranda and a proposed joint pre-trial order shall be filed no later than Friday, December 6, 2002.

SO ORDERED.